UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JARROD HONEYCUTT | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-157 |
| | ) | |
| BRIAN MOHNEY, M.D. | ) | |
| | ) | |

**O R D E R**

This medical malpractice case is before the Court on the Motion to Dismiss/Motion for Summary Judgment and Supplemental Motion to Dismiss filed by the defendant. [Docs. 3 and 11].

In the defendant's motions, the defendant submits that the plaintiff fails to state a claim upon which relief may be granted, fails to state a claim for punitive damages upon which relief may be granted, that the defendant did not deviate from the applicable standard of care in his treatment and no error or omission of the defendant was the proximate cause of any damage to the plaintiff, and that the complaint is barred by the applicable statute of limitation or repose. The plaintiff has not responded to either of the defendant's motions, and the time for response has long since passed. Notably, the plaintiff's attorney also failed to attend the scheduling conference held by this Court.

Before the Court is an affidavit from the defendant in which he opines, within a reasonable degree of medical certainty, that his care and treatment of Mr. Honeycutt conformed to the standard of care for physicians in his speciality. In order for a plaintiff to carry his burden of proof in a medical negligence case, the plaintiff must establish by expert testimony that the defendant deviated from the recognized standard of acceptable practice, and that the deviation from the standard of care was the proximate cause of the plaintiff's injuries. *Tenn. Code Ann.* § 29-26-115. "[M]otions for summary judgment are generally inappropriate in professional malpractice cases." *Gambill v. Middle Tennessee Medical Center, Inc.*, 751 S.W. 2d 145, 146 (Tenn. Ct. App. 1998). However, "if the only issue is one which requires expert testimony and there is no expert response to an affidavit by an expert, then summary judgment is proper." *Id.* Given that this plaintiff has failed to respond with any expert proof of any deviation from the standard of care, there is no material disputed fact on this issue, and therefore summary judgment is appropriate.

Even if the Court were to assume that the plaintiff could provide the necessary expert proof on the issue of standard of care, defendant argues that this case is barred by the applicable statute of repose, *Tenn. Code Ann.* § 29-26-116(a)(3). On December 9, 2005, the Tennessee Supreme Court, ruling on

certified questions of law from the United States District Court for the Western District of Tennessee, held that the 3-year statute of repose for medical malpractice is not tolled during a plaintiff's minority. *Calaway v. Schucker*, ____ S.W. 3d ____ 2005 W.L. 3338655 (2005). The plaintiff's complained of surgery took place on December 18, 2000. The defendant last treated the plaintiff in January, 2001. Accordingly, at the time the complaint was filed, more than four years had passed since the plaintiff's last visit to the defendant. Thus, it is clear, under the authority of *Calaway* that the statute of repose has run.

For the foregoing reasons, it is hereby **ORDERED** that the defendant's Motion to Dismiss/Motion for Summary Judgment and Supplemental Motion to Dismiss is **GRANTED** [Docs. 3 and 11] and plaintiff's complaint is **DISMISSED.**

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE